SULLIVAN, Judge
(dissenting):
I agree with the decision of this Court in United States v. Ginn, 47 MJ 236 (1997). However, I do not agree that Ginn requires a remand for a DuBay hearing in this case. The majority’s failure to particularly explain why the legal principles it cites and the facts it relies on justify a remand under Ginn leaves me unpersuaded that relief is warranted. Accordingly, I dissent.
Turning to the posttrial affidavits in this case, I note that there is no dispute that defense counsel did not interview the alleged victim’s brother, J, until 4 days before trial. Moreover, it is not disputed that 4 months prior to trial, appellant told defense counsel that the alleged victim made certain statements to her brother. Finally, it is not disputed that the brother eventually denied knowledge of such statements by the alleged victim. However, it is utter speculation that over the 4-month period, J forgot that his sister made statements threatening to get even with appellant for not letting her date an older boy. A claim of ineffective assistance of counsel cannot rest on speculation. See United States v. Ginn, supra at 248 (Second Principle: “[I]f the affidavit does not set forth specific facts but consists instead of speculative or conclusory observations, the claim may be rejected on that basis.”).
I turn next to the decision of defense counsel not to call SFC Boylan to testify that the victim’s mother said the victim said she wanted to get appellant for not letting her date an older boy. There is no factual dispute on this point. The evidence, however, could only be used for impeachment of the mother, who was not a witness to the charged offenses. In any event, the victim in her testimony admitted being mad at appellant because he did not permit her to date an older boy. See United States v. Ginn, supra *204 at 248 (First Principle: “[I]f the facts alleged in the affidavit allege an error that would not result in relief even if any factual dispute were resolved in appellant’s favor, the claim may be rejected on this basis.”).
The remaining reason the majority remands this case is because of a posttrial conflict in the affidavits of a defense expert and defense counsel. Doctor Ebert asserts that he requested defense counsel allow him to interview the alleged victim for evidence of psychological manipulation by her church or family. Defense counsel asserts that Dr. Ebert did not make such a request and ruled out such manipulation by the church where she revealed her prior abuse by appellant. Clearly, this is a factual dispute, and it might have some bearing on an important issue in this case, ¿a, the credibility of the alleged victim.[1] However, the resolution of this dispute in appellant’s favor would not entitle appellant to relief. Even Dr. Ebert asserts that the alleged victim’s 'mother would not make her available for a psychological interview by him unless required by law to do so. See United States. v. Ginn, supra at 239.
Finally, in this case, it was not ineffective assistance of counsel for defense counsel to fail to request that trial counsel and the trial judge urge the alleged victim to voluntarily submit to a defense psychological examination. Cf. United States v. Owen, 24 MJ 390, 395 (CMA 1987). There is no dispute in this case that defense counsel did not ask these officers to urge the victim to take such an examination. However, there is also no dispute that the victim’s mother would not allow such an examination unless legally coerced. In my view, the law does not require the doing of futile acts.

. Doctor Ebert's testimony that in his opinion, the alleged victim was being psychologically manipulated to make false allegations against appellant might be objectionable on the basis that he was improperly serving as a validator or human lie detector. See United States v. Armstrong, 53 MJ 76, 80-81 (2000); cf. United States v. Wright, 53 MJ 476, 485 (2000).