# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Cedric A. HUGHES
### Lieutenant Commander (O-4), U.S. Coast Guard

## CGCMG 0188

## Docket No. 1196

## 24 June 2004

General Court-Martial convened by Commander, Maintenance and Logistics Command Atlantic. Tried at Arlington, Virginia, on 27 May 2003.

| | |
|---|---|
| Military Judge: | COL Denise K. Vowell, USA |
| Trial Counsel: | LCDR Ronald S. Horn, USCG |
| Assistant Trial Counsel | LT Bryan C. Pape, USCGR |
| Detailed Defense Counsel: | LT Steven Crass, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR John S. Luce, USCG |

**BEFORE**
**PANEL EIGHT**
**BAUM, PALMER, & CAHILL**
Appellate Military Judges

PALMER, Judge:

On 21 May 2004, a panel of this Court affirmed findings of guilty in this case of one specification of dereliction of duty in violation of Article 92, Uniform Code of Military Justice (UCMJ), and one specification of obtaining services under false pretenses and one specification of dishonorable failure to pay a just debt, in violation of Article 134, UCMJ. A majority of the panel, of which I was a member, also affirmed the approved sentence of 170 days confinement and a dismissal, with all confinement in excess of forty-five days suspended by the Convening Authority, as required by the pretrial agreement. The Chief Judge dissented from the sentence determination, concluding that a dismissal was inappropriately severe. *United States v. Hughes*, 59 M.J.

948, 952-953 (C.G.Ct.Crim.App. 2004). On 3 June 2004, Appellant moved the Court for *en banc* reconsideration of the decision with respect to sentence. That motion was denied by an order of this Court on 4 June 2004. However, the Court determined that the original panel would reconsider the appropriateness of Appellant's sentence.

Briefs have been submitted on this question and Appellant has moved for leave to file three documents in support of his argument that a dismissal is inappropriate. Those documents are: Appendix A – Centers for Disease Control, National Center for HIV, STD and TB Prevention, *HIV Prevention Strategic Plan Through 2005 (Appendix C – Information on CDC's HIV/AIDS Prevention Budget)*; Appendix B – National Institutes Of Health, National Institute on Drug Abuse, *The Economic Costs of Alcohol and Drug Abuse in the United States - 1992(Table 4.18)*; and Appendix C – National Institutes of Health, National Institute of Allergy and Infections Diseases, *Fact Sheet*, 1 October 2003. The Government opposes supplementing the record with these documents, which it submits are not relevant and are not properly submitted.

Clearly, pursuant to *United States v. Healy*, 26 M.J. 394 (C.M.A. 1988) this Court has the authority to refuse the request to supplement the record with additional documents bearing on the issue of sentence appropriateness. It is just as clear that this Court also has authority to receive certain other documents, such as those bearing on the issue of adequacy of representation. *United States v. Ginn*, 47 M.J. 236 (1997). This leaves the question of whether this Court has the authority to now grant a request to supplement the record with documents bearing on the issue of sentence appropriateness. The Court of Appeals for the Armed Forces has not addressed this subject directly, stating in *Healy* that "we need not decide whether the Court of Military Review, if it chooses, may grant a motion to supplement the 'record' by the filing of additional documents allegedly relevant to sentence appropriateness." *Healey*, 26 M.J. at 397. However, in this particular case we see no benefit to be gained in our reconsideration of the sentence from granting the request to augment the record. Accordingly, Appellant's Motion to Attach Documents filed with this Court on 10 June 2004, is denied.

After reconsidering all the matters of record and upon further reflection, I now find myself in agreement with Chief Judge Baum's earlier separate opinion that a dismissal is inappropriate in this case. I come to this conclusion primarily because I am now persuaded that while Appellant relied upon his knowledge of Coast Guard recruiting programs to commit the offense of wrongfully obtaining services, he did not actually abuse his official position in the process. I now see this distinction more clearly. In my earlier determination that the sentence in this case was appropriate, I considered abuse of position as a factor. When I now weigh the nature, seriousness, and magnitude of Appellant's misconduct against his previous twenty-eight years of good and faithful Coast Guard service in the absence of this factor, I am compelled to agree with Chief Judge Baum that the offenses of which Appellant was convicted simply do not justify the total loss of all retirement benefits that have accrued in those twenty-eight years. As a result, I can no longer support a sentence that includes a dismissal.

Accordingly, upon reconsideration of the action previously taken by this Court with respect to the sentence, we have determined that a dismissal is inappropriately severe and is, hereby, set aside. The remainder of the sentence previously affirmed extending to 170 days confinement, with all in excess of forty-five days suspended, is reaffirmed. The previously affirmed findings of guilty remain as the action of this Court.

Chief Judge BAUM concurs.

CAHILL, Judge (dissenting):

I respectfully dissent, and would affirm the sentence of dismissal as adjudged. As noted in this Court's original opinion, military officers hold special positions of honor and are held to a higher standard of accountability. *United States v. Hughes*, 59 M.J. 948, 952 (C.G.Ct.Crim.App. 2004). Appellant admitted that he was derelict in his duty to account for over $28,000 in travel advances over a twenty-seven month period. He admitted that he dishonorably failed to pay his just debts, reflecting $14,000 in charges to a travel card issued pursuant to a government contract, for a period of over three years. Additionally, he fraudulently obtained educational services worth $54,000 over a nine-

month period by misrepresenting that the Coast Guard had assumed financial responsibility for those expenses. To me, this reflects not simple errors in judgment, but rather extended periods of serious misconduct that are inconsistent with what Judge Palmer characterizes as Appellant's "previous twenty-eight years of good and faithful Coast Guard service." Is dismissal of an officer who is eligible for retirement a severe penalty? Undoubtedly so. Is it inappropriately severe under the circumstances of this case? No. Therefore, I would continue to affirm the sentence as adjudged and approved below.



For the Court,

Roy Shannon Jr.
Clerk of the Court