BAKER, Judge
(concurring in the result):
I concur in the result reached by the majority. This case is properly addressed through application of the third Ginn factor:
Third, if the affidavit is factually adequate on its face to state a claim of legal error and the Government either does not contest the relevant facts or offers an affidavit that expressly agrees with those facts, the court can proceed to decide the legal issue on the basis of those uncontroverted facts.
United States v. Ginn, 47 M.J. 236, 248 (C.A.A.F.1997).
The Army Court of Criminal Appeals was presented with an affidavit from Appellee alleging specific instances of pre-trial punishment in violation of Article 13. Appellee’s affidavit was “opposed by post-trial assertions of a prison administrator as to general prison practices.” United States v. Singleton, 59 M.J. 618, 625 (A.Ct.Crim.App.2003)(citing United States v. Fricke, 53 M.J. 149, 155 (C.A.A.F.2000)). Thus, the Government contested Appellee’s assertion, but did not rebut his specific factual allegations.
On this record, the Army Court of Criminal Appeals concluded “that if [appellee] accurately claimed that he was subjected to disparaging language by guards and was unnecessarily exposed to cold temperatures, he would have been subjected to unlawful pretrial punishment.” 59 M.J. at 622. However, this was a contingent legal conclusion. *414 The Army Court also noted that “[Appellee’s] failure to raise the issue of unlawful pretrial punishment to Brig officials, the military magistrate, his chain of command, or the convening authority is strong evidence that the conditions of which he now complains were not so abusive as to merit significant confinement credit.” 59 M.J. at 627. As a result, the Army Court gave the Government the option of holding a DuBay hearing to further develop the facts, or “returning this case to us without holding a DuBay hearing” in which event the Army Court would award thirty-three days of confinement credit. The Government chose the latter course. Subsequently, the Army Court granted relief, noting [A]ppellate counsel did not submit additional pleadings after appellant’s case was returned to the court. Based on the convening authority’s concession, we direct that [appellee] receive thirty-three days of confinement credit. United States v. Singleton, ARMY 20010376 (A.Ct.Crim.App., Mar. 3, 2004).
Based on this procedural history, I agree with the majority that this case is appropriately addressed through application of the third Ginn factor, the Government having failed to contest the relevant facts. As a result, the Army Court’s original contingent legal conclusion becomes the law of this case: “If [appellee] accurately claimed that he was subjected to disparaging language by guards and was unnecessarily exposed to cold temperatures, he would have been subjected to unlawful pretrial punishment.” 59 M.J. at 622. Of course, the lower court’s additional statement in its November 2003 opinion that it would grant relief “to moot [appellee’s] claim” clouds the analysis, as it seems to suggest that the court could grant relief as a matter of judicial economy alone absent a finding of legal error or an exercise of sentence appropriateness.
In applying the third Ginn principle, I do not believe it necessary for us to speculate as to what the lower court may have done. It is clear what they have done—grant thirty-three days credit after giving the Government further opportunity to rebut Appellee’s assertions, which assertions the Army Court concluded warranted relief absent rebuttal. Nor is it necessary for us to speculate as to whether and as to what the convening authority may have conceded. The case was remanded for a DuBay hearing. For the reasons stated by Judge Erdmann, an exercise of the convening authority’s clemency power in such a context would not have been determinative as to whether there was or was not unlawful punishment in Appellee’s case.
In finding contingent legal error in its initial November 2003 opinion, while also inviting further rebuttal, the Army Court of Criminal Appeals offered the Government the opportunity to assess the costs and benefits of a DuBay hearing with full knowledge of the stakes at hand. Such contingent legal review would seem to make sense and warrant commendation in the context of a military justice system with finite resources operating at a time of world-wide national security imperatives.