UNITED STATES, Appellant,

v.

Larry D. STUART, Jr., Senior Airman,
U.S. Air Force, Appellee.

No. 98–5029.
Crim.App. No. 32517.

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 16, 1998.

Decided March 19, 1999.

For Appellant: *Captain Steven D. Dubriske* (argued); *Colonel Brenda J. Hollis* and *Lieutenant Colonel Michael J. Breslin* (on brief); *Lieutenant Colonel Anthony P. Dattilo* and *Major Ronald A. Rodgers.*

For Appellee: *Captain Patience E. Schermer* (argued); *Colonel Douglas H. Kohrt* (on brief); *Lieutenant Colonel Ray T. Blank, Jr.*

PER CURIAM:

Contrary to his pleas, appellee was convicted by a general court-martial composed of officer members of premeditated murder, in violation of Article 118, Uniform Code of Military Justice, 10 USC § 918. He was sentenced to a dishonorable discharge, confinement for life, total forfeitures, reduction to the lowest enlisted grade, and a reprimand, with a recommendation from 4 members (out of 8) for clemency as to forfeitures. The convening authority approved all but the reprimand and waived forfeitures for 6 months with a provision that they be paid to the accused's children. The Court of Criminal Appeals set aside the convening authority's action and returned it to the convening authority for submission of any clemency matters appellee desired to provide, followed by a new staff judge advocate addendum and convening authority action.

The Judge Advocate General certified the case to this Court and asked us to review the following issues:

I. WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED IN ORDERING CORRECTIVE ACTION WITHOUT A SPECIFIC FINDING OF PREJUDICE TO THE SUBSTANTIAL RIGHTS OF THE APPELLEE.

II. WHETHER THE ERROR IN THE CONVENING AUTHORITY'S ACTION REQUIRES CORRECTION WHEN APPELLEE SUFFERED NO PREJUDICE FROM THE ERROR.

In the proceedings before the Court of Criminal Appeals, both parties submitted affidavits on the issue of whether counsel was ineffective in the post-trial phase because he failed to contact appellee before submitting clemency matters. The court observed that it would be improper to resolve a disputed question of fact relating to post-trial claims solely on the basis of conflicting affidavits, *see United States v. Ginn*, 47 MJ 236 (1997). After concluding that there was "inadequate evidence on which to make a determination that trial defense counsel either was or was not ineffective," unpub. op. at 2, the court held that the case should be returned to the convening authority for a further post-trial proceeding.

 Under Article 66(c), UCMJ, 10 USC § 866(c) (1994), a Court of Criminal Appeals "may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." This congressional grant of authority is more than adequate to vest authority in the Courts of Criminal Appeals to conclude that, in a case involving confinement for life, a dispute concerning counsel's failure to contact his client before submitting clemency matters to the convening authority requires remedial action[1]. While the court below could have stated expressly that this deficiency constituted prejudicial error under Article 59(a), UCMJ, 10 USC § 859(a), we will not presume that the judges of that court failed to make their own independent determination that the error met the standard of that statute. *See United States v. Cook*, 46 MJ 37, 40 (1997).

The decision of the United States Air Force Court of Criminal Appeals ordering a new addendum and action is affirmed.[2]

---

1. We note that the Government has not certified the question of whether the remedy should have provided the option of a hearing under *United States v. DuBay*, 17 USCMA 147, 37 CMR 411 (1967), on any factual questions.

2. In light of the new recommendation and action ordered by the Court of Criminal Appeals and affirmed herein, the second certified question is moot, and we decline to answer it at this time.