ERDMANN, Judge
(concurring in the result):
I agree with the majority that the issue presented in this case can be resolved under the principles announced in United States v. Ginn, 47 M.J. 236 (C.A.A.F.1997). I disagree, however, with a portion of the analysis utilized by the majority in reaching that result. In my view, after the convening authority determined that a DuBay hearing was impracticable and the Government failed to file any further responsive pleadings, the Court of Criminal Appeals could construe the Government’s failure to respond as no longer contesting the critical facts and could proceed to resolve the issue under the third Ginn factor. Id., at 248. This approach is consistent with our decision in United States v. Fagan, 59 M.J. 238 (C.A.A.F.2004), and avoids speculating as to the basis for the convening authority’s action. Further, I do not believe that the convening authority had standing to concede legal or factual issues in the context of this appellate remand for a DuBay hearing.
The convening authority determined that a DuBay hearing was impracticable but the *415 record does not specify the basis for that determination. The majority speculates that the convening authority “conceded” that a DuBay hearing was impracticable because of the potential relief of 33 days’ confinement credit. I decline to speculate as to the convening authority’s basis for finding that a DuBay hearing was impracticable, and in any event, do not believe that the convening authority could have made any factual or legal “concessions” that would have been binding on either the Government or the Court of Criminal Appeals. That is particularly true in this case where the mandate of the Army court gave the convening authority only two options, neither of which involved conceding factual or legal error.
A convening authority is not usually a party to appellate litigation under the Uniform Code of Military Justice and certainly is not a party in this litigation. I question whether any alleged concession by a convening authority would bind either the parties or the appellate court. Admittedly, the actions of a convening authority may constrain the options of the parties or appellate court, but until such time as the issue is squarely before us, I believe it is premature to suggest that the convening authority “clearly” has the authority to simply concede factual or legal errors in a manner binding upon appellate authorities. The convening authority had no fact-finding power and could not concede facts to moot a legal error any more than could the Court of Criminal Appeals in light of our decision in Fagan.
As I agree that the decision of the Army Court of Criminal Appeals should be affirmed, I concur in the result of the majority’s decision but would rely on the rationale set forth above.