RYAN, Judge, with whom EFFRON, Chief Judge,
joins (concurring in part, and dissenting in part and in the result):
This Court ordered a post-trial hearing in accordance with United States v. DuBay, 17 C.M.A. 147, 37 C.M.R. 411 (1967), to develop a factual record for use in determining whether Appellant was entitled to a new trial based on newly discovered evidence. United States v. Key, 61 M.J. 52 (C.A.A.F.2005). Appellant claimed that the evidence would show that a key Government witness, Staff Sergeant (SSgt) L, received post-trial incentive payments for her duties as an informant. The DuBay hearing judge acknowledged in her findings of fact that the purpose of the hearing was “to determine the circumstances of a post-trial award/incentive payment to determine whether the appellant should receive a new trial.”
To succeed on a motion for new trial, a defendant must show, inter alia, that there is new evidence that was neither known, nor capable of being known, by the defense at the time of trial. Rule for Courts-Martial (R.C.M.) 1210(f)(2)(B). Appellant claims that he could not have known about the incentive payments because SSgt L purposely withheld information from trial defense counsel. Because of this allegation, the testimony of both trial defense counsel and SSgt L should have been pivotal to the hearing. Yet the DuBay hearing judge neither permitted nor considered trial defense counsel’s testimony, which would have contradicted the testimony of SSgt L.
I concur in that part of the majority opinion that concludes the DuBay hearing judge erred by refusing to permit Major (Maj) Martin, the trial defense counsel, to testify at the post-trial hearing. But I respectfully dissent from the majority’s resolution of the case because I would remand the case with orders for a new DuBay hearing. Appellant received neither the DuBay hearing that this Court ordered, nor full and proper consideration of whether he is entitled to a new trial under the standard set forth in R.C.M. 1210(f).
The DuBay hearing findings of fact are problematic because they rest upon the unquestioned credibility and unrebutted testimony of SSgt L. The lower court, in turn, erred by: (1) resolving factual conflicts between SSgt L’s testimony and affidavit and the affidavit that it accepted from Maj Martin; and (2) relying on the DuBay hearing judge’s findings of fact regarding SSgt L’s credibility. See United States v. Ginn, 47 M.J. 236, 243 (C.A.A.F.1997) (“Article 66(c) does not authorize a Court of Criminal Appeals to decide disputed questions of fact pertaining to a post-trial claim, solely or in part on the basis of conflicting affidavits submitted by the parties.”); see also United States v. Murphy, 50 M.J. 4, 11 (C.A.A.F.1998) (rejecting a judgment of credibility based on “the questionable practice of resolving pure disputes of material fact by mere affidavits”). In light of these procedural errors, in my view the lower court abused its discretion in reaching the ultimate issue of whether Appellant was entitled to a new trial.
Additionally, it is not at all clear to me that the newly discovered evidence could not “probably produce a substantially more favorable result for the accused.” R.C.M. 1210(f)(2)(C). While the lower court mar *177 shals other evidence of Appellant’s guilt, much of it revolves around the urinalysis. But, in this case, the issue was not whether metabolites could be found in Appellant’s urine, but how they got there. Appellant’s defense was innocent ingestion, and evidence in support of that defense was presented. The significance of SSgt L’s rebuttal testimony about Appellant’s alleged phone call regarding drugs, and putative phone message about drugs, cannot be discounted. Nor can one separate any motive SSgt L might have had to lie from its impact on her credibility.
Operating on incomplete information, the DuBay hearing judge made specific findings that SSgt L was credible and that any inconsistencies in her testimony, or failures to be forthcoming to the defense, were not motivated by calumny. The lower court relied on SSgt L’s affidavit and her DuBay testimony. In doing so, the lower court further assumed that the DuBay hearing judge’s finding of fact regarding the genesis of any inconsistencies in SSgt L’s testimony was correct.
On this record, I cannot subscribe to the lower court’s assertion that the probative value of evidence “is diminished by virtue of [SSgt L’s] likely testimony that she refused the initial offer of an incentive payment and that she was ‘shocked’ when the agents provided her additional cash at the termination meeting.” United States v. Key, No. ACM 34965, 2006 CCA LEXIS 182, at *15, 2006 WL 2284811, at *5 (A.F.Ct.Crim.App. July 12, 2006) (unpublished). Appellant asserts that SSgt L did not forthrightly respond to trial defense counsel’s questions regarding incentive payments. The probative value of this information is diminished only if one accepts that SSgt L is credible. That there is an incomplete factual record on that very issue is obvious.
Given this vacuum, I am not prepared to say that evidence that an informant was offered payment before trial, purportedly rejected it, and then, paradoxically, accepted it after trial, could not cast doubt upon her credibility, let alone her entire testimony. The members, if aware of SSgt L’s failure to disclose the possibility of incentive payments could have concluded that: (1) she had a financial motive to testify against Appellant in return for payments after his successful conviction; and (2) she misled the defense counsel and could still be misleading them. See, e.g., Banks v. Dretke, 540 U.S. 668, 698-703, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004) (concluding that suppression of evidence of the status of a prosecution witness as a paid informant is relevant evidence that may require a new trial); Benn v. Lambert, 283 F.3d 1040, 1054 (9th Cir.2002) (stating that information demonstrating that a government informant was untrustworthy and deceptive for self-benefiting purpose severely undermines the witness’ credibility and must be disclosed); United States v. Levenite, 277 F.3d 454, 460-62 (4th Cir.2002) (reaffirming that paid informants are subjected to a higher degree of scrutiny as to both weight and credibility, and if the payment is contingent upon testimony at trial, it must be subjected to an even higher degree of scrutiny); see also United States v. Cobia, 53 M.J. 305, 310-11 (C.A.A.F.2000) (discussing impeachment by contradiction).
In my view, Appellant is entitled to a new DuBay hearing that addresses the circumstances of a post-trial award/incentive payment, including evidence on the credibility of SSgt L, as the factual predicate to a determination whether Appellant should receive a new trial.