# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

v.

### Brian J. LIND,
### Seaman (E-3), U.S. Coast Guard

### CGCMS 24290

### Docket No. 1228

### 7 September 2007

Special Court-Martial convened by Commander, Coast Guard Group/Marine Safety Office (MSO) Long Island Sound. Tried at Groton, Connecticut, on 7 June 2004.

| | |
|---|---|
| Military Judge: | CDR Timothy G. Stueve, USCG |
| Trial Counsel: | LT Christopher F. Coutu, USCG |
| Defense Counsel: | LT Brian A. Whitaker, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Necia L. Chambliss, USCGR |
| Assistant Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| | LT Robert M. Pirone, USCG |
| Appellate Government Counsel: | LCDR Patrick M. Flynn, USCG |

### RECONSIDERATION
### BEFORE
### McCLELLAND, KANTOR & CAHILL[1]
Appellate Military Judges

Per Curiam:

This case was previously decided by this Court on 31 January 2007. The Court found, in part, that although Appellant failed to show that he was unrepresented by his trial defense counsel during any portion of the post-trial phase of the case, his defense counsel was deficient in failing to contact Appellant regarding clemency. As a result, the Court granted relief.

---

[1] Judge Cahill did not participate in this decision.

On 28 February 2007, the Government filed a Motion for Reconsideration, suggesting "that it was improper for this Court to find that Appellant's defense counsel was deficient without obtaining an affidavit from the trial defense counsel." (Government Mot. Recons. 1.)

On 28 June 2007, this Court granted the Government's 28 February 2007 Motion for Reconsideration and ordered an affidavit from trial defense counsel responding to Appellant's affidavit, on which the finding of deficient counsel had been based. Accordingly, the Government obtained an affidavit dated 10 July 2007, which was attached to the record by this Court's order of 6 August 2007. Appellant moved for leave to file a supplemental pleading, which motion was granted on 20 August 2007.

Appellant's affidavit states that while in confinement after trial, he requested to speak with his counsel to ask about requesting clemency. Counsel's affidavit states that he normally visited clients in confinement after trial and discussed clemency and appeal. Appellant's affidavit says his counsel told him he was being transferred and his cases would be turned over to another attorney, who would contact Appellant. Counsel's affidavit says he did not know if a new attorney would be appointed to handle post-trial matters after his transfer. He concludes, based on his standard procedures and the fact that he did not present any clemency matters "immediately," that Appellant requested that he not submit any. Appellant's affidavit does not address whether an immediate clemency submission was discussed or desired.

Appellant's affidavit describes his efforts to develop a letter requesting clemency. Counsel's affidavit states that he does not recall Appellant communicating that he wished to waive his right to submit any matters in clemency "in the future," that is, after the immediate post-trial period. It further states that he recalls receiving the Staff Judge Advocate's Recommendation but does not recall what actions, "if any," he took to contact Appellant concerning submitting any additional matters. Appellant's affidavit indicates that he abandoned his clemency efforts, based on advice from his brig counselor. Neither Appellant nor his counsel indicates that there was any contact between them beyond the immediate post-trial period.

We see no material factual issue presented by the two affidavits.  The Government has not contested the relevant facts averred by Appellant.  Accordingly, we need not order a post-trial evidentiary hearing.  *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997).  It is clear to us that Appellant never told his counsel that he waived the right to submit a clemency request.

In our original opinion, we found "that counsel was deficient in failing to contact Appellant regarding clemency."  *United States v. Lind*, 64 M.J. 611, 616 (C.G.Ct.Crim.App. 2007).  Although it may be that counsel discussed clemency with Appellant to some degree, we find that he failed to obtain Appellant's waiver of clemency submissions or discuss clemency materials in a conclusive way with Appellant before the time for such a submission ran out.  We continue to find that counsel was deficient regarding clemency.

We see no reason to change our original decision.  We reaffirm our opinion of 31 January 2007.



For the Court,


Jane R. Lim
Clerk of the Court