UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 TOZZI, CONN, and HAM
 Appellate Military Judges

 UNITED STATES, Appellant
 v.
 Sergeant DARYL L. BRYANT
 United States Army, Appellee

 ARMY 20080619

 Headquarters, I Corps and Fort Lewis
 John M. Head, Military Judge
 Colonel James Kevin Lovejoy, Staff Judge Advocate (pretrial)
 Colonel Jeffrey C. McKitrick, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Mark Tellitocci, JA; Lieutenant Colonel
Matthew M. Miller, JA; Major Bradley M. Voorhees, JA; Captain Sarah E.
Wolf, JA.

For Appellee: Lieutenant Colonel Francis C. Kiley, JA; Major Philip M.
Staten, JA; Captain Stephanie R. Cooper, JA.

 29 September 2009

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------

Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his pleas, of one specification of abusive sexual
contact, in violation of Article 120(h), Uniform Code of Military Justice,
10 U.S.C. §§ 920 [hereinafter UCMJ]. The military judge sentenced
appellant to a bad-conduct discharge, confinement for seven months, and
reduction to E1. The convening authority approved the adjudged sentence.

 Appellant claims he was denied effective assistance of counsel during
the post-trial phase of his court-martial because his trial defense counsel
failed to request deferment or waiver of the automatic forfeiture of pay
under Article 58b, UCMJ, despite appellant’s request that he do so.

 Nothing in the record indicates that such a request was ever submitted
to the convening authority.
 In an affidavit[1] from CPT B, appellant’s trial defense counsel, CPT
B stated that he generally discussed waiver and deferral procedures with
appellant as part of the appellate rights process. However, he did not
recall appellant specifically asking him to submit a request for deferment
and/or waiver of forfeitures, and such a request was not forwarded because,
as best as he could recollect, “appellant decided to concentrate his post-
trial efforts and materials toward the upgrade of his adjudged discharge,
as he eventually hoped to return to military service.”

 The affidavits submitted by appellant and his defense counsel differ
as to whether appellant requested his defense counsel submit a waiver or
deferment request to the convening authority. However, we find the “record
as a whole ‘compellingly demonstrates’ the improbability” of appellant’s
assertion. See United States v. Ginn, 47 M.J. 236, 248 (C.A.A.F. 1997).
We agree with appellant that relief under Article 58b, UCMJ, is separate
from a request for clemency under Rule for Courts-Martial [hereinafter
R.C.M.] 1105. We agree, however, with the government: appellant’s R.C.M.
1105 matters “constitute[d] everything [he] wish[ed] the general court-
martial convening authority to consider in granting [him] clemency,” as
appellant clearly stated to the convening authority in his submission.[2]
 Conclusion
 The findings and sentence are AFFIRMED.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court

-----------------------
[1] On 10 July 2009, we ordered appellate government counsel to obtain an
affidavit from appellant’s trial defense counsel, in response to
appellant’s allegations of ineffective assistance of counsel.

[2] These issues are easily avoided with a post-trial appellate rights form
that advises appellant of his rights under Article 58b, UCMJ and indicates
his choice with regard to requests for waiver and deferment.