UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 TOZZI, HAM, and SIMS
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist ROMAN L. OTERO
 United States Army, Appellant

 ARMY 20080708

 Headquarters, National Training Center and Fort Irwin
 John Head, Military Judge
 Lieutenant Colonel F. Dean Raab, Staff Judge Advocate

For Appellant: Lieutenant Colonel Mark Tellitocci, JA; Lieutenant Colonel
Matthew M. Miller, JA; Major Bradley Voorhees, JA; Captain Shay Stanford,
JA (on brief); Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Major Bradley Voorhees, JA; Captain Shay Stanford, JA (on
supplemental brief).

For Appellee: Colonel Norman F.J. Allen III, JA; Lieutenant Colonel Martha
Foss, JA; Major Lisa L. Gumbs, JA; Captain Benjamin M. Owens-Filice, JA (on
brief and supplemental brief).

 17 February 2010

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------

TOZZI, Chief Judge:

 On consideration of the entire record, we hold the findings of guilty
and the sentence as approved by the convening authority correct in law and
fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

Judge SIMS concurs.

HAM, Judge, concurring in the result:

 I concur that appellant is not entitled to relief.

 Pursuant to his pleas, appellant was convicted by a military judge
sitting as a general court-martial, of one specification of wrongful
possession of child pornography in violation of 18 U.S.C. §2252A, such
conduct being prejudicial to good order and discipline and of a nature to
bring discredit upon the armed forces, Article 134, Uniform Code of
Military Justice, 10 U.S.C. §934. The military judge sentenced appellant
to be discharged from the service with a bad-conduct discharge, confined
for twelve months, and reduced to the grade of E-1. The convening
authority approved the adjudged sentence.

 Appellant alleges, inter alia, his trial defense counsel provided
ineffective assistance of counsel when he advised appellant to plead guilty
to possession of child pornography knowing the “videos purported to contain
child pornography could not be viewed because they were scrambled.”
Appellant submitted a sworn affidavit, stating his trial defense counsel
“talked to CID [Criminal Investigation Command] agents . . . to verify what
was on the DVDs . . . . [Trial defense counsel] was told by the agent
involved that the DVDs were scrambled.” Appellant claimed his trial
defense counsel “never explained the importance of this information and how
it could affect my plea to possession of child pornography. We never
discussed the possibility of pleading to attempted possession of child
pornography.”

 In order to prove prejudice for an ineffective assistance of counsel
claim in this context, appellant must show “there is a reasonable
probability that, but for counsel’s errors, he would not have pleaded
guilty and would have insisted on going to trial.” United States v. Alves,
53 M.J. 286, 289 (C.A.A.F. 2000) (quoting Hill v. Lockhart, 474 U.S. 52, 59
(1985)). See also United States v. Osheskie, 63 M.J. 432, 434 (C.A.A.F.
2006).

 Appellant’s affidavit does not even assert that he would have changed
his plea in this case. In the absence of such an allegation, his claim is
“legally inadequate.” United States v. Ginn, 47 M.J. 236, 247 (C.A.A.F.
1997). “More importantly, he has not alleged and the record does not show
that there was a reasonable probability that he would have changed his plea
to not guilty if his defense counsel had” further investigated the images
on the DVDs. Id. Accordingly, even assuming, arguendo, that his trial
defense counsel’s performance was deficient, appellant is not entitled to
relief. See also United States v. Tippit, 65 M.J. 69, 77, 80-81 (C.A.A.F.
2007).

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court