# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, LIND, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant EMANUEL R. WATERS**
**United States Army, Appellant**

ARMY 20111073

Headquarters, United States Army Special Forces Command (Airborne)
Tara A. Osborn, Military Judge
Lieutenant Colonel Alison C. Martin, Staff Judge Advocate

For Appellant: Major Richard E. Gorini, JA; Captain Robert A. Feldmeier, JA (on brief); Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageliery, Jr., JA; Captain Robert N. Michaels, JA (on reply brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on brief).

30 October 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

LIND, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of conspiracy to distribute marijuana, one specification of possession of marijuana, one specification of knowing receipt of stolen property, and one specification of unlawful possession of an unregistered firearm in violation of Articles 81, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 912a, and 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for thirty-nine months, and reduction to the grade of E-1. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for twenty-four months, and reduction to the grade of E-1.[1]

---

[1] Pursuant to a pretrial agreement, the convening authority agreed to disapprove any sentence to confinement in excess of thirty months. After review of appellant's post-trial matters submitted pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105, the convening authority granted an additional six months of clemency.

This case is before the court for review under Article 66, UCMJ. Appellant's sole assignment of error alleging ineffective assistance of counsel during the post-trial phase of his court-martial merits discussion but no relief.

## BACKGROUND

On 30 November 2011, defense counsel, Captain (CPT) VA, requested that the convening authority defer appellant's automatic forfeitures and adjudged and automatic reduction in rank. Captain VA also requested that "at initial action," the convening authority "waive the automatic forfeitures and disapprove the adjudged reduction in rank." Captain VA stated: "This latter request will be repeated in subsequent matters submitted as a clemency request under R.C.M. 1105 and R.C.M. 1106." Finally, CPT VA included a form entitled: "Authorization to release funds deferred or waived by the Convening Authority," which included appellant's wife's name and bank account information.

On 20 January 2012, and again on 30 January 2012, the convening authority denied appellant's request for deferment of forfeitures and reduction in rank. The convening authority did not address the request for waiver of automatic forfeitures.

In late March 2012, CPT VA submitted appellant's post-trial matters requesting that the convening authority grant clemency in the form of a six-month reduction of appellant's sentence to confinement. The post-trial matters did not contain a request for waiver of automatic forfeitures. In the action dated 4 April 2012, in addition to complying with the pretrial agreement, the convening authority reduced appellant's sentence to confinement by six months.[2]

## LAW AND DISCUSSION

In his sole assignment of error, appellant alleges post-trial ineffective assistance of counsel when his defense counsel failed to request waiver of automatic forfeitures in the post-trial matters submitted to the convening authority pursuant to R.C.M. 1105. In support of this allegation, appellant offers only his post-trial affidavit stating he "did not, and [has] not, given [defense counsel] authorization to not request waiver of automatic forfeitures."

In contrast, CPT VA states in his post-trial affidavit that appellant directed him not to re-request waiver of automatic forfeitures in the R.C.M. 1105/1106

---

[2] In the action, the convening authority erroneously approved a sentence including "forfeiture of all pay and allowances." Appellant's adjudged sentence did not include forfeitures. We will grant relief in our decretal paragraph and amend the promulgating order accordingly.

submission. Captain VA further stated that after "multiple phone conversations"[3] with appellant while appellant was in confinement, "it was decided that [their] new, main focus in post-trial would be to get him out of prison as soon as possible . . . so he could get back to his family." According to CPT VA, the rationale for this strategy was two-fold: first, the convening authority reviewing appellant's post-trial matters was the same convening authority who had already denied appellant's request for deferment of forfeitures and reduction in rank; and second, CPT VA and appellant decided "not to distract with a 'shotgun' approach in final clemency, but to hone in on the true goal of reducing time away from [appellant's] young family."

Because appellant and counsel have filed conflicting post-trial affidavits, pursuant to *United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997), we must analyze whether a post-trial evidentiary hearing is required. We find such a hearing is not required in this case upon application of the fourth *Ginn* principle: "if the affidavit is factually adequate on its face but the appellate filings and the record as a whole 'compellingly demonstrate' the improbability of those facts," we may "discount those factual assertions and decide the legal issue." *Ginn*, 47 M.J. at 248. Assuming appellant's affidavit is factually adequate, the appellate filings and the record as a whole compellingly demonstrate the improbability of appellant's assertion for the following reasons.

Appellant's post-trial matters enclose two letters: one written by appellant and the other written by appellant's wife, the would-be beneficiary of the waiver request. Both of these letters support CPT VA's assertion that after submission of the first request for waiver of automatic forfeitures, but prior to submission of the post-trial matters, appellant and CPT VA's focus for clemency was exclusively on confinement relief.

In appellant's letter dated 23 March 2012, appellant asked the convening authority "for . . . mercy, compassion, and consideration in reducing [his] sentence by 6 months." Appellant explained how the thirty months of confinement punished not only himself, but his family as well, to include appellant's wife and their young son. Appellant "pray[ed] with leniency that [he] would be home for the upcoming

---

[3] The government moved to attach to the record Government Appellate Exhibit 1, which included emails between CPT VA and a paralegal at appellant's confinement facility. The emails discussed the dates and times of CPT VA's telephonic appointments with appellant. This motion was granted without objection. The emails show CPT VA was scheduled to speak with appellant: on 27 January 2012, one week after the convening authority initially denied appellant's request for deferment of forfeitures and reduction in rank; on 14 February 2012, approximately one month and a half before the post-trial matters were submitted; and on 7 March 2012, approximately two weeks before the post-trial matters were submitted to the convening authority.

holidays." Appellant's wife also submitted a letter dated 13 February 2012 in which she requested that appellant's "clemency petition . . . be granted and that he . . . be released." Appellant's wife told the convening authority about how appellant was "missing time with his son not being able to be there to see him grow up . . ."

Both appellant's and his wife's letters were submitted after the convening authority denied appellant's request for deferment of forfeitures and reduction in rank. Neither letter alleges any financial hardship nor do they ask for any financial relief as part of the clemency request. Appellant's wife, who would have been the recipient of the waiver of automatic forfeitures, discussed in her letter how she was gainfully employed and also attending undergraduate classes.

Appellant's and his wife's requests for clemency mirrored the relief requested in the post-trial matters: reduction in confinement. The letters evidence a meeting of the minds between appellant and CPT VA as to the approach for clemency: an exclusive focus on reducing appellant's sentence to confinement despite the fact that appellant had already received the benefit of his pretrial agreement. The approach was successful when the convening authority granted appellant the additional six months of clemency requested by both CPT VA and by appellant.

In sum, applying the fourth *Ginn* factor, we discount appellant's factual assertion and decide the legal issue without a post-trial evidentiary hearing. *Id.* Applying the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), appellant has failed to demonstrate that counsel's performance was deficient during the post-trial portion of his court-martial.

## CONCLUSION

The findings of guilty are AFFIRMED. The part of the convening authority's action which approves the sentence to "forfeiture of all pay and allowances" is void as a matter of law and is set aside. Only so much of the sentence as provides for a bad-conduct discharge, confinement for twenty-four months, and reduction to the grade of E-1 is AFFIRMED.

Senior Judge YOB and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4