# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JEFFERY L. LECLAIR**
**United States Army, Appellant**

ARMY 20120082

Headquarters, Fort Bliss
David H. Robertson, Military Judge
Colonel Francis P. King, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Captain A. Jason Nef, JA; Captain Ian M. Guy, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Elisabeth A. Claus, JA; Major Alison L Gregoire, JA (on brief).

24 January 2014

--------------------------------
SUMMARY DISPOSITION
--------------------------------

KERN, Senior Judge:

A military judge sitting as a general court-martial convicted appellant pursuant to his pleas of three specifications of false official statement in violation of Article 107, Uniform Code of Military Justice.  10 U.S.C. § 907 (2006) [hereinafter UCMJ].  Appellant contested two specifications of aggravated sexual assault of a junior female soldier under Article 120, UCMJ, and a panel composed of officer and enlisted members acquitted him of those specifications.  The panel then sentenced appellant to a bad-conduct discharge and confinement for one year for the three false official statements.  The convening authority approved the adjudged sentence.

Appellant raises three assignments of error for our review under Article 66, UCMJ.  Only one of these warrants discussion, but not relief.  However, before addressing that assignment of error, we also take action to correct an error by the military judge, not raised by the parties, with respect to the finding of guilty to Specification 1 of Charge I.

At trial, appellant pled guilty to Specification 1 of Charge I, except the words, "and that he didn't sleep with [M], or words to that effect." The military judge accepted this plea and also confirmed with the government that they would not present evidence regarding the excepted words. The government did not present any evidence regarding those words. Nonetheless, the military judge found appellant guilty of the specification as written, failing to except out the language that appellant excepted out in his plea. We will correct this error by the military judge in our decretal paragraph. We also note that there was no prejudice to the appellant because the panel was only informed of appellant's guilt to the specification as pled, which is identical to the specification as approved by this court.[1] Therefore, we need not reassess the sentence in this case.

## FACTS

Appellant alleges that he was denied his Sixth Amendment right to effective assistance of counsel during the presentencing phase of his court-martial because his trial defense counsel failed to present any evidence, except his brief unsworn statement, in extenuation and mitigation. In support of his allegation, appellant asserts in an affidavit that following the contested portion of his trial, his defense counsel informed him that calling witnesses was not necessary and a waste of time because he had been acquitted of the most serious offenses and would likely receive "Article 15-like punishment." Appellant also offers on appeal three documents (one affidavit and two unsigned proffers) concerning expected testimony from witnesses that had been available during the trial on the merits and were potential witnesses for sentencing. In addition, appellant states in his affidavit that he desired a "good soldier book" documenting achievements from his more than ten-year Army career be admitted for consideration by the panel on sentencing.

Upon motion by the government, this court ordered affidavits from appellant's two trial defense counsel to address appellant's ineffective assistance of counsel claims. In their affidavits, the two counsel denied appellant's claim that they told him it would be a waste of time to call witnesses, and they also offered tactical reasons for not introducing appellant's "good soldier book" and not calling witnesses to speak about appellant's character and military performance. The paramount concern for the defense counsel was that they did not want to risk opening the door to either reference to or admission of a prior Article 15 and adverse

---

[1] The flyer containing the specifications that appellant pled guilty to and that was given to the panel members (Appellate Exhibit XIII) reflects Specification 1 of Charge I as pled to by appellant (without the excepted language) and approved by this court.

evaluation from appellant's records that were not admitted at trial[2], but were known to be in the possession of the government as potential rebuttal evidence.

## LAW

Military appellate courts apply the Supreme Court's test for effectiveness of counsel articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), including the presumption of competence announced in *United States v. Cronic*, 466 U.S. 648 (1984). *United States v. Grigoruk*, 56 M.J. 304, 315 (C.A.A.F. 2000). In *Strickland*, the Supreme Court provided a two-part test to decide claims of ineffective counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687; *United States v. Wean*, 45 M.J. 461, 463 (C.A.A.F. 1997). Generally, appellate courts "will not second-guess the strategic or tactical decisions made at trial by defense counsel." *United States v. Anderson*, 55 M.J. 198, 202 (C.A.A.F. 2001) (citing *United States v. Morgan*, 37 M.J. 407, 410 (C.M.A. 1993)). To show prejudice, appellant "must show that there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694

## DISCUSSION

In support of his allegation of ineffective assistance of counsel, appellant cites four specific sources of evidence that his counsel failed to introduce during the presentencing phase of his trial. These sources of evidence were the testimony of First Sergeant (Retired) (1SG) B, Specialist (SPC) W, and KT (who had previously served with appellant), and a good soldier book containing various achievements of appellant throughout his ten-year career.

Regarding the good soldier book, we are convinced that there was no deficient performance with trial defense counsel's decision not to introduce appellant's good

---

[2] Appellant was found guilty under Article 15, UCMJ, of cruelty and maltreatment of a junior female soldier. The adverse evaluation contained negative comments that appellant did not comply with regulations and did not follow the code of conduct.

soldier book into evidence for sentencing.[3] This book consisted primarily of certificates of training, certificates of achievement, and awards, the most significant of which were also recorded on appellant's Enlisted Record Brief that was already admitted into evidence. With knowledge that the government had military records with derogatory information pertaining to appellant, the decision to avoid opening the door to admission of those derogatory records was a sound tactical decision and clearly not ineffective.[4] Similarly, we also find that there was no deficient performance in the decision not to call 1SG (Retired) B as a witness.[5] Although we dispute the defense counsels' concern that it would have opened the door to derogatory records of appellant (because the proposed testimony and derogatory information covered different time periods), we do not second-guess the tactical decision not to call 1SG (Retried) B because of the uncontradicted affidavit of one of the trial defense counsel who interviewed the witness and elicited his opinion that appellant was not a "top performer."

We resolve the alleged failure to call the other two witnesses[6] who appellant claims should have been called during presentencing on *Strickland's* prejudice prong. Appellant was a military policeman with more than ten years of military experience and was being sentenced for making false official statements regarding an investigation into his allegedly nonconsensual sexual encounter with a junior soldier. Although both of these witnesses would have testified about appellant's

---

[3] At the conclusion of evidence on the contested offenses and while the panel was deliberating on findings, trial defense counsel moved to admit appellant's good soldier book for sentencing. The government objected on foundational grounds. The military judge then asked trial defense counsel whether they desired the rules of evidence to be relaxed for admission of the good soldier book. Trial defense counsel requested to defer that decision until after the panel announced findings on the contested offenses. Trial defense counsel did not renew their effort to admit the good soldier book during the presentencing phase of the trial.

[4] The government attempted in their sentencing argument to admit an adverse evaluation of appellant and the defense was effective in keeping it out. Any relaxation of the rules of evidence would have opened the door for the government to re-offer and admit adverse evidence previously excluded.

[5] We note that appellant neither attests nor does he offer a signed attestation by the witness on what the witness's testimony would have been. Appellant offers only what amounts to an unsigned proffer from 1SG (Retired) B that does not address appellant's performance relative to others. Therefore, this proffer is not in direct conflict with appellant's trial defense counsel's assertion in his affidavit that 1SG (Retired) B would say that appellant was not a "top performer."

[6] In support of what these witnesses would have testified to, appellant offers a signed affidavit from one and an unsigned proffer from another.

good character, duty performance and rehabilitative potential, we are convinced that these witnesses would have had very limited impact. These witnesses were both junior soldiers without any supervisory responsibility over appellant. Without deciding whether or not failure to call these witnesses on sentencing was error, we find these two witnesses would not have produced a different sentencing result for appellant.[7]

## CONCLUSION

After considering all of appellant's allegations of errors, we find them to be without merit. With regards to Specification 1 of Charge I, we approve only a finding of guilty: "In that Specialist (E-4) Jeffrey Leclair, U.S. Army, did, at or near Fort Bliss, Texas, on or about 23 February 2011, with intent to deceive, make to Special Agent J.H., an official statement to wit: that he didn't know how M's pants ended up on the floor, or words to that effect; that he only had contact with M's clothing, or words to that effect; that he didn't physically touch M's undergarments, or words to that effect, which statements were totally false and were then known by SPC Leclair to be so false." We hold that the remaining findings of guilty and sentence as approved by the convening authority are correct in law and fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

Judge ALDYKIEWICZ and Judge MARTIN concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court

---

[7] In our review of appellant's affidavit and those of the defense counsel we note the contradictions as to whether the defense told appellant that calling witnesses was a waste of time and unnecessary because of the punishment he would likely receive. Applying the factors set out in *United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997) we find that a fact finding hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967) is not necessary under the facts in this case. In particular we find that even if appellant's assertion regarding the aforementioned advice were true, he would not have been entitled to relief.