WHETHER THERE IS A FATAL VARIANCE AND A VIOLATION OF APPELLANT'S DUE PROCESS RIGHT TO NOTICE WHEN THE GOVERNMENT ALLEGED THAT APPELLANT MISSED THE MOVEMENT OF A PARTICULAR AIRCRAFT BUT THE PROOF ESTABLISHED THAT HE MISSED THE MOVEMENT OF A PARTICULAR UNIT.

Briefs will be filed under Rule 25.

Friday, February 28, 2014

No. 14–0137/AR. U.S. v. Daniella M. Howard. CCA 20120844. On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, said petition is granted on the following issue:

WHETHER APPELLANT WAS DENIED HER SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHERE DEFENSE COUNSEL FAILED TO CONDUCT A PROPER INVESTIGATION AND PRESENT VITAL EVIDENCE TO THE MILITARY JUDGE REGARDING THE DEFENSE OF DURESS AS A RESULT OF A SEXUAL ASSAULT BY A NONCOMMISSIONED OFFICER.

The decision of the United States Army Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Army for remand to that court for further appellate inquiry on the granted issue. The Court of Criminal Appeals will obtain affidavits from the trial defense counsel (military and civilian) that respond to Appellant's allegation of ineffective assistance of counsel. Under Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c) (2012), the Court of Criminal Appeals shall review the ineffective assistance of counsel issue in light of the affidavits and any other relevant matters. *See United*

*States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997). If the court determines that a fact-finding hearing is necessary, that court shall order a hearing pursuant to *United States v. DuBay*, 17 C.M.A. 147, 37 C.M.R. 411 (1967). Once the necessary information is obtained, the court will complete its Article 66(c), UCMJ, review. Thereafter, Article 67, UCMJ, 10 U.S.C. § 867 (2012), shall apply.

No. 13–7001/AR. U.S. v. Hasan K. Akbar. CCA 20050514. On consideration of Appellant's petition to reconsider the denial of the motion for leave to file matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), out of time, it is ordered that reconsideration is granted and the matter raised pursuant to *Grostefon* will be considered.

No. 14–5003/AF. U.S., Appellant v. Jimmy L. Wilson, Appellee. CCA 37897. Notice is hereby given that a certificate for review of the decision of the United States Air Force Court of Criminal Appeals was filed under Rule 22 this date on the following issue:

> WHETHER ARTICLE 12, UCMJ, APPLIES TO THE CIRCUMSTANCE WHERE AN ACCUSED AND/OR CONVICTED MEMBER OF THE ARMED FORCES IS CONFINED IN IMMEDIATE ASSOCIATION WITH FOREIGN NATIONALS IN A STATE OR FEDERAL FACILITY WITHIN THE CONTINENTAL LIMITS OF THE UNITED STATES.

Appellant will file a brief under Rule 22(b) in support of said certificate on or before March 31, 2014.

