# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class NICHOLAS M. GARRISON
### United States Air Force

## ACM 38093 (rem)

## 05 March 2014

Sentence adjudged 20 December 2011 by GCM convened at Tinker Air Force Base, Oklahoma. Military Judge: J. Wesley Moore (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 14 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Major Anthony D. Ortiz.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Major Brian C. Mason; and Gerald R. Bruce, Esquire.

Before

ROAN, HARNEY, and WEBER
Appellate Military Judges

UPON REMAND

This opinion is subject to editorial correction before final release.


PER CURIAM:

A general court-martial composed of a military judge sitting alone convicted the appellant, in accordance with his pleas, of failure to go and being absent without leave; damaging military property; wrongful use of cocaine, hydrocodone, and oxycodone; wrongful appropriation of military property; and assault consummated by a battery, in violation of Articles 86, 108, 112a, 121, and 128, UCMJ, 10 U.S.C. §§ 886, 908, 912a, 921, 928. The adjudged and approved sentence consisted of a bad-conduct discharge, confinement for 14 months, forfeiture of all pay and allowances, and reduction to E-1.

On 28 March 2013, we issued a decision denying the appellant relief. *United States v. Garrison*, ACM 38093 (A.F. Ct. Crim. App. 28 March 2013) (unpub. op.). On 12 July 2013, upon our own motion, this Court vacated the previous decision for reconsideration before a properly constituted panel, and affirmed our prior decision. *United States v. Garrison*, ACM 38093 (recon) (A.F. Ct. Crim. App. 12 July 2013) (unpub. op.). The appellant filed a supplemental petition for review with the Court of Appeals for the Armed Forces on 13 September 2013. On 13 November 2013, our superior court granted the appellant's petition for review on the issue of whether our panel was properly constituted. *United States v. Garrison*, ___ M.J. ___, No. 14-0036/AF (Daily Journal 13 November 2013). In the same order, that Court set aside our decision and remanded the case for further review and consideration of the panel constitution under Article 66(c), UCMJ, 10 U.S.C. § 866(c). *Id.*

Our decision today reaffirms our earlier decision dated 12 July 2013.

On appeal, the appellant argues his trial defense counsel was ineffective by failing to "adequately explore [the a]ppellant's mental state" and that he was not in a "suitable mental condition" to make decisions about his pleas during his court-martial.[*] We disagree.

We review claims of ineffective assistance of counsel de novo. *United States v. Mazza*, 67 M.J. 470, 474 (C.A.A.F. 2009). Service members have a fundamental right to the effective assistance of counsel at trial by courts-martial. *United States v. Davis*, 60 M.J. 469, 473 (C.A.A.F. 2005). To establish ineffective assistance of counsel, the appellant "must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

The deficiency prong requires the appellant to show trial defense counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. The appellant must establish the "representation amounted to incompetence under 'prevailing professional norms.'" *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 788 (2011) (quoting *Strickland*, 466 U.S. at 690). The prejudice prong requires the appellant to show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In doing so, the appellant "must surmount a very high hurdle," *United States v. Alves*, 53 M.J. 286, 289 (C.A.A.F. 2000) (citations and quotation marks omitted), as counsel are presumed competent in the performance of their representational duties. *United States v. Anderson*, 55 M.J. 198, 201 (C.A.A.F. 2001). Thus, judicial scrutiny of trial defense counsel's performance must be "highly deferential

---

[*] The issue is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

and should not be colored by the distorting effects of hindsight." *Alves*, 53 M.J. at 289 (citing *United States v. Moulton*, 47 M.J. 227, 229 (C.A.A.F. 1997)).

"[T]he defense bears the burden of establishing the truth of the factual allegations that would provide the basis for finding deficient performance." *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007). When there is a factual dispute, appellate courts determine whether further fact finding is required under *United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997). If, however, the facts alleged by the appellant would not result in relief under *Strickland*, we may address the claim without the necessity of resolving the factual dispute. *See Ginn*, 47 M.J. at 248.

Applying the criteria in *Ginn*, we conclude that we can resolve this issue without additional fact finding. Where an appellant has pled guilty to charges that are at issue on appeal, we will consider the appellant's post-trial declarations in the context of the sworn admissions made by the appellant during the plea inquiry, in order to determine whether the disputed matter requires a post-trial evidentiary hearing to be resolved. *Ginn*, 47 M.J. at 244. In an affidavit submitted in response to the appellant's claim, trial defense counsel stated a sanity board report did not show any reason for her to question the appellant's competence to enter into a plea agreement. Trial defense counsel also stated that prior to trial she had several opportunities to discuss with the appellant his case; the court-martial process; the pros and cons of a pretrial agreement versus a trial; and the Government's case against the appellant. Trial defense counsel confirmed it was the appellant's decision to accept a plea agreement, and she thoroughly reviewed the facts of the case with him for the providence inquiry. According to trial defense counsel, the appellant asked thoughtful questions, showed that he understood the process, and participated fully in his trial.

The record of trial confirms this view. The convening authority ordered a sanity board on 29 November 2011, the board convened on 5 December 2011, and the limited results were published on 9 December 2001, 11 days before trial. The board concluded the appellant was mentally responsible and competent to stand trial. During the plea inquiry, the appellant stated he fully understood the elements of the offenses and explained in an articulate, narrative manner why he believed he was guilty. He stated he had fully discussed his case with his counsel; he was satisfied that his counsel's advice was in his best interest; he was pleading guilty voluntarily; and he was, in fact, guilty. Additionally, he submitted a well-written plea for clemency, in which he again acknowledged his guilt and expressed gratitude for being placed in confinement where he could not continue his illegal drug use. He mentioned nothing about being dissatisfied with his counsel or about his competence to understand his plea. Examining the appellate filings and the record as a whole, we hold that the appellant was not denied effective assistance of counsel.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM 38093 (rem)