# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class KARINA FLORES-SANTOS**
**United States Army, Appellant**

ARMY 20140066

Headquarters, III Corps and Fort Hood
Wade N. Faulkner, Military Judge
Colonel Richard W. Rousseau, Staff Judge Advocate(pretrial)
Colonel Ian G. Corey, Staff Judge Advocate (post-trial)

For Appellant:  Lieutenant Colonel Charles Lozano, JA; Major Andres Vazquez, Jr., JA; Major Daniel E. Goldman, JA (on brief);  Colonel Mary J. Bradley, JA; Major Andres Vazquez, Jr, JA; Major Daniel E. Goldman, JA (on motion for reconsideration and suggestion for reconsideration en banc).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie, III, JA; Major Daniel D. Derner, JA; Captain Christopher A. Clausen, JA (on brief).

29 July 2016

--------------------------------------------------------------------
MEMORANDUM OPINION ON RECONSIDERATION
--------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WOLFE, Judge:

A general court-martial composed of a military judge sitting alone convicted appellant, consistent with her pleas, of attempted distribution of a controlled substance, conspiracy to distribute a controlled substance, introduction of marijuana, distribution of a controlled substance, and wrongful use of cocaine in violation of Articles 80, 81, and 112a of the Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, 912a (2012) [hereinafter UCMJ].  The court-martial sentenced appellant to a bad-conduct discharge, ten months confinement, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

## BACKGROUND

On 8 June 2016 this court summarily affirmed the findings and sentence in this case. On 7 July 2016 appellant filed a motion for reconsideration and a suggestion for reconsideration by the court en banc. Appellant requested we reconsider our initial opinion based on this court's decision in *United States v. Schafer*, Army 20140245, (Army Ct. Crim. App. 28 June 2016). In *Schaefer* we set aside the appellant's guilty plea because we found that the military judge in the case previously acted as counsel in the same case. *See* Rule for Courts-Martial [hereinafter R.C.M.] 902(b)(2). The military judge was Lieutenant Colonel (LTC) Wade Faulkner.

The same military judge presided over appellant's trial. In June 2013 LTC Faukner transitioned from being the chief of justice (COJ) at III Corps on Fort Hood, to becoming a military judge at Fort Hood. Appellant asks us to reconsider our decision in this case in order to answer a straightforward question: Did LTC Faukner act both "as counsel" and as the military judge in this case? As both this case and *Schafer* raise the same issues, we granted appellant's motion for reconsideration. Nonetheless, we find this case factually distinguishable from *Schafer* and that LTC Faulkner did not act "as counsel" in this case, and therefore determine that no relief is warranted.

The record of trial, to include appellant's stipulations, reveals Lieutenant Colonel Faulkner transitioned from being the chief of justice to being a military judge in June 2013. The exact date in June is not in the record. In late May of 2013 appellant and several other soldiers began discussing the possibility of purchasing illegal drugs. On 30-31 May 2013, appellant committed the charged offenses. Law enforcement apprehended appellant on 31 May 2013. The government preferred charges several months later on 15 October 2013 and referred the charges to trial in December 2013.

*Voir Dire of the Military Judge*

At the initial proceeding the military judge announced his detailing and qualifications and disclosed to the parties that he had previously served as the COJ of III Corps. As COJ he oversaw military justice matters within III Corps, to include, he noted, appellant's unit. Additionally, he stated that with regards to his time as COJ he had not learned any of the facts of this case and had no recollection of having discussed the case with either counsel or law enforcement. The defense counsel asked several follow-up questions regarding the military judge's prior supervision of one of the trial counsel; whether he would give greater weight to the arguments of government counsel; and whether there was anything else about having been chief of justice—notwithstanding that having no prior knowledge of the case—that would affect the military judge's partiality. The military judge gave lengthy answers to the defense counsel's questions. When the military judge finished answering the last question the defense counsel stated: "Based on that, no challenges."

## LAW

R.C.M. 902 provides two separate bases for disqualification of a military judge. Subsection 902(a) addresses the appearance of bias. Subsection 902(b) addresses "specific circumstances connoting actual bias." *United States v. Quintanilla*, 56 M.J. 37, 44-45 (C.A.A.F. 2001). The specific circumstance at issue in this case is whether LTC Faulkner's position of COJ was equivalent to acting "as counsel." R.C.M. 902(b)(2).

As a matter of procedure, counsel may move for the disqualification of a military judge, but military judges also have a continuing duty to recuse themselves if any of the bases of disqualification under R.C.M. 902 develop. R.C.M. 902(d)(1). Both parties are permitted to question the military judge and to present evidence concerning the possible ground for disqualification prior to the judge's decision. R.C.M. 902(d)(2). Of all the grounds for disqualification in R.C.M. 902, only the appearance of bias may be waived, R.C.M. 902(a), after full disclosure of the basis on the record. R.C.M. 902(e). *See generally Quintanilla*, 56 M.J. at 45.[1]

## ANALYSIS

### A. *Disqualification under Rule for Courts-Martial 902(a)*

Although not specifically raised by appellant, we must first determine whether the military judge should have disqualified himself because of the appearance of bias under R.C.M. 902(a). Based on the facts of this case, we find any issue regarding the appearance of bias was waived by appellant under R.C.M. 902(e).

First, the military judge adequately disclosed his prior role as the chief of justice. While the military judge gave a detailed disclosure of his duties as COJ, we note that all judge advocates are generally familiar with general duties of a chief of justice in the Army. This familiarity is, for example, unlike *Quintanilla* where the military judge failed to disclose communications which the defense had no way of knowing or understanding. Appellant's voir dire questions to the military judge demonstrate this understanding.

Second, the defense affirmatively chose not to challenge the military judge.

Third, appellant later *personally* elected to be tried by this particular military judge sitting alone. *See* Article 16(1)(b), UCMJ (accused may be tried by a military judge alone if, "knowing the identity of the military judge . . . . "). Appellant and

---

[1] We have consistently noted that the Manual for Courts-Martial routinely uses the word "waiver" to connote the concept of "forfeiture." *United States v. Davis*, 75 M.J. 537, 541 n.6 (Army Ct. Crim. App. 2015). For the purposes of this appeal the distinction is without a difference.

counsel submitted a written request for trial by judge alone that included a statement that appellant had consulted with counsel and requested trial by LTC Faulkner alone.

Finally, our review of the record finds no other conduct by the military judge which would appear to demonstrate an appearance of bias. Although hardly dispositive, the adjudged sentence in this uncontested case was substantially lower than the cap that had been negotiated in the pretrial agreement.

### B. Disqualification under Rule for Courts-Martial 902(b)

As discussed above, a disqualification under R.C.M. 902(b) is non-waivable. In *Schafer* this court found that LTC Faulkner had acted "as counsel" under R.C.M. 902(b) because he "was involved in the preferral and referral process and made recommendations on the charging decisions." *Schafer* at *5. Similarly, in *Williams v. Pennsylvania* the Supreme Court recently found error when a prosecutor who took an official action in the case later became a judge reviewing the same case on appeal. 136 S.Ct. 1899 (2016).

Here, in contrast, there is no evidence in the record that LTC Faulkner took any official action on *this* case.[2] Nor, for example, is there any evidence that any of LTC Faulkner's subordinates took any official action in June 2013 while he was still serving as the COJ. The first official action in the record of trial was the preferral of charges on 15 October 2013. Assuming we could look *outside* the record of trial, the allied papers reveal that a trial counsel opined on probable cause in September 2013. *Compare* R.C.M. 1103(b)(2) ("contents" of the record) *with* R.C.M. 1103(b)(3)("matters attached to the record"). More pointedly, there is no evidence that while LTC Faulkner was the COJ either he or his subordinates had any involvement in the case at all. Accordingly, we find this case distinguishable from *Schafer.* Lieutenant Colonel Faulkner did not act "as counsel" in this case.

In deciding this issue, appellant asks this court to look to the *Schafer* case not only for its legal reasoning and persuasive authority, but also asks us to consider the facts of *Schafer.* That is, appellant asks us to consider facts from *Schafer* for their truth in this case. Specifically, appellant asks us to compare the two disclosures made by LTC Faulkner for inconsistencies. We do not find this to be a useful exercise.

---

[2] As chief of justice, LTC Faulkner did sign, on behalf of the convening authority, the court-martial convening order (CMCO). This act is consistent with Army practice in which a court is convened for a lengthy period and then multiple cases are referred to the court. Importantly, the CMCO predated the stipulated dates of appellant's misconduct. That is, at the time the LTC Faulkner signed the CMCO on behalf of the convening authority, appellant's offenses were yet to be committed.

FLORES-SANTOS—ARMY 2014066

First, we would expect the military judge to make different disclosures when the cases are both factually and temporally separate. One would not expect identical explanations.

Second, the differences in LTC Faulkner's more general explanations of his role a chief of justice are not grossly dissimilar.

Third, appellant has not moved to attach the *Schafer* record as an appellate exhibit in this case.

Fourth, and more broadly, our duty under Article 66(c) is to determine whether the findings and sentence are "correct in law and fact and . . . *on the basis of the entire record*" should be approved.

There are exceptions to the general rule that we confine our review to the record of trial. For example, a petition for a new trial under Article 73, UCMJ, specifically contemplates that we consider evidence from outside the record. However, such a review is *separate* from our review under Article 66, requires the petitioner to first file a petition, and must meet the specific requirements in R.C.M. 1210 in order to obtain relief. Additionally, we consider on direct appeal what are normally referred to as "collateral attacks" on the conviction. Such issues often involve affidavits alleging facts not included in the record of trial. *See United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997). Mostly, these collateral attacks overwhelmingly involve allegations of ineffective of assistance of counsel and occasionally prosecutorial misconduct. However, this case presents none of these issues.

Finally, Article 54, UCMJ, requires that "[e]ach general court-martial shall keep a *separate* record of the proceedings in each case brought before it." We know of no authority that would allow us to consider facts in one record of trial in order to determine a legal issue in another record of trial.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CAMPANELLA and Judge HERRING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5