# United States Navy–Marine Corps
# Court of Criminal Appeals

**UNITED STATES**

*Appellee*

v.

**Jeiron A. FIGUEREO**
**Private (E-1)**
**U.S. Marine Corps**

*Appellant*

NMCCA No. 202100048

Panel 2

**ORDER**

*To Remand for*
*Fact-Finding Hearing*

Upon consideration of the declarations of Appellant, Lance Corporal (E-3) [LCpl] Romeo, Major (O-4) [Maj] McClinnis, and Captain (O-3) [Capt] Brewer, the Court believes that additional facts are necessary to resolve the assigned errors.[1] The Court has previously determined that Appellant's allegations of ineffective assistance of counsel have waived the attorney-client privilege as to matters reasonably related to Appellant's allegations.

Accordingly, it is, by the Court, this 22nd day of November 2021,

**ORDERED:**

1. That the record of trial is returned to the Chief Judge of the Navy-Marine Corps Trial Judiciary to detail an appropriate military judge to conduct a fact-finding hearing pursuant to Rule for Courts-Martial 810(f) concerning Appellant's claims of conflict of interest by his lead trial defense counsel, Maj Melanie J. McClinnis, and of ineffective assistance of counsel by both of his trial defense counsel, Maj McClinnis and Capt Laura R. Brewer.

2. That the Judge Advocate General shall designate a general court-martial convening authority to provide support for the hearing. If the general court-martial convening authority so designated determines that the remand is impractical due to military exigencies or other reasons, a Government appellate attorney shall so notify the Court.

---

[1] *See United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997); *United States v. DuBay*, 37 C.M.R. 411 (C.M.A. 1968).

3. That the military judge assigned to conduct the hearing shall make detailed findings of fact addressing the following questions:

 A. *Did Maj McClinnis labor under a conflict of interest that, with regard to her decision to not call LCpl Romeo,[2] as a witness?*

 B. *If so, did the conflict of interest adversely affect Maj McClinnis' performance as defense counsel or otherwise undermine the reliability of the trial?*

 C. *Regardless of the existence of a conflict of interest, did Maj McClinnis and Capt Brewer fail to call LCpl Romeo to testify as a witness without a valid rationale?*

4. That the military judge's findings of fact on the issues above shall specifically address the following questions:

 D. *Did Maj McClinnis tell LCpl Romeo that PFC Evans[3] "had a bad day in court," and "was really upset at trial," or words to that effect?*

 E. *Did Maj McClinnis tell LCpl Romeo that LCpl Romeo should feel free to contact PFC Evans "to see how she was doing," or words to that effect?*

 F. *Did Maj McClinnis tell LCpl Romeo that if she wanted to do so, LCpl Romeo could "reach out" to PFC Evans, or words to that effect?*

 G. *Did Maj McClinnis tell LCpl Romeo that she was not going to be called as a witness because of the conversation Maj McClinnis had with PFC Evans the day before?*

---

[2] This is a pseudonym. References to all persons, other than Appellant, trial- and appellate-level counsel, and trial- and appellate-level judges must be referred to by pseudonyms, per N-M. Ct. Crim. App. R. 17.5. Thus, the Government is also directed to provide the military judge detailed to conduct the fact finding hearing the Table of Pseudonyms filed by Appellant under seal on 1 October 2021. The affidavits or declarations shall use the same pseudonyms.

[3] *See* Table of Pseudonyms.

***H. Did Maj McClinnis tell LCpl Romeo that Maj McClin-
nis was concerned that Government lawyers would ask
LCpl Romeo questions about Maj McClinnis' conversa-
tion with PFC Evans?***

***I. Did Maj McClinnis tell Appellant "I did not know I
wasn't supposed to tell [LCpl Romeo] not to call [PFC
Evans]," or words to that effect?***

***J. If so, did Maj McClinnis tell Appellant that while the
issue of LCpl Romeo contacting PFC Evans was being
discussed on the record?***

***K. Did Maj McClinnis and Appellant have the following
exchange, or words to that effect, in response to Appel-
lant's question about why LCpl Romeo would not be
called as a witness?:***

Maj McClinnis: We're good. We didn't need to call anyone else be-
cause [LCpl November][4] said everything that
needed to be said in court.

Appellant: No, we need [LCpl Romeo] because she's the only
female witness we have and this is a female case
and that she was the most important witness for
our case.

Maj McClinnis: No, we're not gonna call her up there because if
we do, they're going to question her about the in-
teraction the happened with [PFC Romeo]. And
they're going to question me about it.

***L. Did Maj McClinnis say to Appellant after he insisted
she reconsider her decision not to call LCpl Romeo to
testify, "This is my decision. As the lawyer, I get to make
these types of decisions," or words to that effect?***

5. That the military judge may consider whatever testimony or evidence
that is necessary to resolve the questions contained in this Order.

6. That absent an extension granted by the detailed military judge, the
hearings shall be concluded and the record of trial, including a substantially
verbatim transcript of the hearing and the findings of the military judge, shall

---

[4] *See id*.

be returned to this Court by 21 January 2022 for completion of appellate review.



FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

Copy to:
NMCCA (51.2)
45 (LCDR Wester)
46 (LT Flynn, LT Martino, Maj Wiggins)
02