# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, WALKER, and PARKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant First Class BRIAN J. DIVINE**
**United States Army, Appellant**

ARMY 20220427

Headquarters, III Corps and Fort Cavazos
Tiffany D. Pond and Maureen Kohn, Military Judges
Colonel Runo C. Richardson, Staff Judge Advocate

For Appellant:  John R. McGuire, Esquire (on brief and reply brief).

For Appellee: Colonel Christopher B. Burgess, JA; Major Kalin P. Schlueter, JA; Captain Patrick S. Barr, JA (on brief).

27 June 2024

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent*

FLEMING, Senior Judge:

Appellant asks this court to set aside multiple convictions pursuant to his pleas, which he now asserts were improvident and the alleged result of coercion by his trial defense counsel.  We disagree.

Appellant raises three errors before this court; one of which merits discussion (the military judge erred accepting his guilty plea) but no relief.  Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant asserts three additional errors before this court; one of which merits discussion (his defense counsel were ineffective) but no relief.[1]  As explained below, we find the military judge did not err in accepting appellant's plea and his counsel were not ineffective.

---

[1] We have given full and fair consideration to the remaining issues personally raised by appellant before this Court pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and determine they warrant neither discussion nor relief.

## BACKGROUND

A military judge, sitting as a general court-martial, convicted appellant, in accordance with his pleas, of four specifications of wrongfully engaging in a prohibited relationship and three specifications of maltreatment, in violation of Articles 92 and 93, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 893 [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge. The convening authority took no action on the findings or sentence.

While serving as a platoon sergeant for a medical platoon, appellant, a noncommissioned officer in the rank of Sergeant First Class (E7), engaged in a series of overly familiar and interpersonal relationships with two junior enlisted female soldiers in his platoon: a Specialist (E4) and a Private First Class (E3). In addition to the overly familiar nature of the relationships, appellant made comments of a sexual nature to both female soldiers.

## LAW AND DISCUSSION

### Appellant's Plea

We review the decision of a military judge to accept a plea of guilty for an abuse of discretion, and we review questions of law arising from the guilty plea de novo. *United States v. Byunggu Kim*, 83 M.J. 235, 238 (C.A.A.F. 2023) (citing *United States v. Inabinette*, 66 M.J 320, 322 (C.A.A.F. 2008)). A military judge conducting a guilty plea inquiry is "charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *Id.* "[F]ailing to obtain from the accused an adequate factual basis to support the plea" constitutes an abuse of discretion. *Id.* (cleaned up). "In reviewing the military judge's decision, this court applies a substantial basis test: '[d]oes the record as a whole show a substantial basis in law and fact for questioning the guilty plea.'" *Id.* (quoting *United States v. Prater,* 32 M.J. 433, 436 (C.M.A. 1991)).

Appellant asserts the military judge erred in accepting his guilty plea because of the alleged presence of evidence and statements in the record of trial inconsistent with his plea. In support of his argument, appellant repeatedly cites prosecution exhibits which, although marked for identification, were not admitted into evidence and not before the military judge for her consideration at the time she accepted appellant's plea. Even assuming arguendo these prosecution exhibits for identification contained anything allegedly inconsistent with his plea, we struggle to find the military judge abused her discretion in accepting appellant's provident plea based on his appellate argument that his plea was improvident because of documents which were never admitted before the military judge.

2

Appellant contends his statements – which attempted to minimize his misconduct – in the providence inquiry and his apologies to the victims in his unsworn statement set up matters inconsistent with his plea. We find they do not. At most, appellant's few statements attempting to minimize his misconduct do not create a substantial basis to find his plea improvident when reviewing the record as a whole. After reviewing appellant's entire testimony during his providence inquiry and unsworn statement and the admitted fifteen-page stipulation of fact he signed, admitting to all the acts constituting his guilt to all the offenses, we find the military judge did not abuse her discretion accepting appellant's plea.[2]

### *Defense Counsel's Performance*

We review claims of ineffective assistance of counsel de novo. *United States v. Furth*, 81 M.J. 114, 117 (C.A.A.F. 2021) (citing *United States v. Carter*, 79 M.J. 478, 480 (C.A.A.F. 2020)). Military courts evaluate ineffective assistance claims using the Supreme Court's framework from *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* "Under *Strickland*, an appellant bears the burden of demonstrating that (a) defense counsel's performance was deficient, and (b) this deficient performance was prejudicial." *Id.* (citing *Strickland*, 466 U.S. at 687).

In evaluating performance, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. This presumption can be rebutted by "showing specific errors [made by defense counsel] that were unreasonable under prevailing professional norms." *United States v. McConnell*, 55 M.J. 479, 482 (C.A.A.F. 2001) (citing *United States v. Scott*, 24 M.J. 186, 188 (C.M.A. 1987)). With regard to defining what constitutes deficiency in a claim of ineffective assistance of counsel, the Supreme Court has stated a "defendant must show that counsel's representation

---

[2] A better course of action for the military judge might have been to reopen the providence inquiry after appellant's unsworn statement attempting to minimize his misconduct. The existence of a better course of action, however, does not mean the military judge abused her discretion in accepting appellant's plea. The robust stipulation of fact included several text messages between appellant and the two junior enlisted female soldiers and his acknowledgment that "[h]e knew what he did was wrong and [he] voluntarily chose to engage in the wrongful conduct" and "all of the misconduct he [was] pleading guilty to was wrongful without any legal justification or excuse." Even were we to view appellant's statements attempting to minimize his misconduct as related to a possible mistake of fact defense regarding his general intent to commit the offenses to which he pled, appellant's mistake of fact would have needed to exist within his mind *and* have been reasonable under all the circumstances for the defense to apply. *See* Rule for Courts-Martial [R.C.M.] 916(j). His trial statements and the stipulation of fact clearly establish his actions were not reasonable under all the circumstances.

fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Further, a court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.

Even where counsel has committed an unreasonable error, it "does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Appellant must "affirmatively prove prejudice." *Id.* at 693. This means appellant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In other words, "[t]he likelihood of a different result must be *substantial*, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (emphasis added). This requires consideration of "the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695. In short, appellant must show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

Appellant alleges his trial defense counsel were ineffective for withdrawing a defense motion requesting relief for unreasonable multiplication of charges (UMC) and constitutional multiplicity and for allegedly coercing appellant into accepting a plea agreement by threatening to refuse to allow appellant to testify in his defense, intentionally exaggerating the likely outcome of a contested court-martial and likely punishment, failing to disclose and/or explain the consequences of a bad conduct discharge, and strongly implying appellant's civilian defense counsel would not diligently represent appellant at a contested court-martial. Appellant filed no affidavit with this court asserting any facts supporting any of his allegations of ineffective assistance of his counsel.

First, appellant's allegations on appeal regarding his counsel contrast with his assertions, made under oath at his trial, that he: (1) was pleading guilty of his own free will, (2) was not forced or threatened to make the plea agreement, (3) fully understood the meaning and effect of his plea of guilty, (4) fully understood the ramifications of a bad-conduct discharge and desired to receive a bad-conduct discharge as a term of his deal, and (5) consulted fully with his defense counsel and was satisfied their advice was in his best interest.

Additionally, in affidavits ordered by this court, appellant's trial defense counsel stated they made a tactical decision to withdraw the UMC and constitutional multiplicity motions after the plea agreement was accepted as they felt the terms of the plea agreement obviated the necessity to litigate the motions and risk frustrating the military judge. Counsel explained they fully advised appellant regarding his legal rights and affirmed with him that the decisions regarding plea, forum, and

whether to testify were his alone to make. Counsel denied pressuring or coercing appellant, and explained appellant chose to pursue the plea agreement after a frank discussion of the risks of a contested trial, to include possible sentences. Similarly, counsel denied threatening to refuse to allow appellant to testify at a contested trial, explaining they repeatedly told him the decision was his alone but their recommendation to appellant, based on his practice testimony during trial preparation, was that he should not testify. Counsel advised appellant of the impact of a bad-conduct discharge, to include the impact on any benefits and employment opportunities. Counsel also denied stating or implying counsel would not diligently represent appellant at a contested trial and they were prepared to contest the charges as the plea agreement was ultimately accepted on the eve of what was to be appellant's contested trial.

Appellant's trial defense counsel's performance was not deficient from an objective standard of reasonableness. Each decision by defense counsel raised by appellant falls well "within the wide range of reasonable professional assistance" expected of trial defense counsel. *Strickland*, 466 U.S. at 689. Based on the entire record, we conclude appellant has not overcome the strong presumption that his defense counsel were competent.[3] Even assuming arguendo deficient performance, appellant fails to establish prejudice. Appellant fails in his burden to establish a "reasonable probability," *Strickland,* 466 U.S. at 694, of a different outcome if defense counsel took the actions they were allegedly ineffective for failing to take. Appellant entered a plea of guilty to the offenses and repeatedly affirmed under oath to the military judge the belief in appellant's guilt and desire to plead guilty.

## CONCLUSION

On consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

Senior Judge WALKER and Judge PARKER concur.

FOR THE COURT:



//JAMES W. HERRING, JR.
Clerk of Court

---

[3] This case is not one of competing or conflicting affidavits and we see no need to order a post-trial evidentiary hearing in this case. *See United States v. Ginn,* 47 M.J. 236, 248 (C.A.A.F. 1997) (stating in most instances involving an ineffective assistance claim, "the authority of the Court to decide that legal issue without further proceedings should be clear.").